**UNITED STATES of America,
Appellee,**

v.

**Lino ACEVEDO, Mercedes
Medina, Defendants,**

**Luis F. Gutierrez, Defendant–Appellant.**

**Docket No. 01–1204.**

United States Court of Appeals, Second Circuit.

Oct. 4, 2002.

Michael A. Young, New York, NY, for Appellant.

Richard C. Daddario, Assistant United States Attorney, Robin L. Baker, Assistant United States Attorney, James B. Comey, United States Attorney for the Southern District of New York, for Appellee.

Present MESKILL, SACK and KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the defendant's appeal from the judgment of the district court of March 21, 2001 be, and it hereby is, DISMISSED.

The defendant Luis Gutierrez appeals a judgment and sentence of the United States District Court for the Southern District of New York (Michael B. Mukasey, *Chief Judge* ), which imposed seventy months' imprisonment, four years' supervised release, and a special assessment of $100. Gutierrez contends, *inter alia,* that the district court erred by denying him an evidentiary hearing to determine whether he had substantially assisted state law enforcement authority, justifying a downward departure under United States Sentencing Guideline ("U.S.S.G.") § 5K2.0.

On November 6, 1998, Gutierrez entered a valid plea agreement in which he know-ingly and voluntarily waived his right to request a downward departure and his right to appeal a sentence at or below 120 months. After pleading guilty, Gutierrez met with an Assistant District Attorney ("ADA") of the New York County District Attorney's Office and a New York Police Department Detective, and offered the State his assistance in two unrelated murder prosecutions. On February 9, 2001, the ADA informed the district court that Gutierrez had provided inconsistent and unreliable information that did not aid the two murder prosecutions at all.

On May 16, 2000, the district court granted Gutierrez time to investigate whether he qualified for a downward departure under U.S.S.G. § 5K2.0. On March 13, 2001, the district court found, as a matter of fact, that Gutierrez did not assist state law enforcement authorities. The court rejected his request for an evidentiary hearing on the matter.

On appeal, Gutierrez argues that (1) after he pled guilty, he substantially assisted state law enforcement authorities; and (2) by relying upon his assistance, the State nullified the earlier waiver of his procedural rights.

"On sentencing issues, we accept the findings of fact of a district court unless they are clearly erroneous." *United States v. Coriaty,* 300 F.3d 244, 249 (2d Cir.2002) (internal quotation marks omitted); *see* 18 U.S.C. § 3742(e). We review a district court's decision to deny an evidentiary hearing pursuant to U.S.S.G. § 6A1.3 for abuse of discretion. *United States v. Brinkworth,* 68 F.3d 633, 640 (2d Cir.1995).

Gutierrez cites nothing in the record to indicate that the district court's findings of fact were clearly erroneous, or that the district court's denial of an evidentiary hearing was an abuse of discretion. Nor

does he cite any case law to support his highly doubtful proposition that when the government relies upon a defendant's assistance, it thereby invalidates or breaches a knowing, voluntary waiver of the defendant's right to appeal.

Gutierrez knowingly and voluntarily waived his right to appeal. For this reason alone, we reject his appeal. "It is by now well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable." *United States v. Djelevic,* 161 F.3d 104, 106 (2d Cir.1998) (per curiam).

For the foregoing reasons, the appeal is hereby DISMISSED.